UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 07-50127-AWB |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| JASON JOHNSON, | ) | |
| Defendant. | ) | |

Defendant was indicted on three counts: Felon in Possession of a Firearm (18 U.S.C. § 922(g)(1)), Possession of a Firearm by a Person with a Misdemeanor Conviction (18 U.S.C. § 922(g)(9))[1], and Possession of a Stolen Firearm (18 U.S.C. § 922(j)). Defendant has filed a motion to dismiss counts in the multiplicitous indictment, Docket 25, and a motion to sever counts for trial, Docket 26. The Government has responded to both of these motions. Docket 33, 34.

## DISCUSSION

Defendant moves the Court to dismiss counts in the multiplicitous indictment, since "[a]ll counts stem from one brief act" and "[a]ll counts attempt to punish the same conduct." Docket 25, page 1, 2. The Government objects

---

[1] The Court notes that Count II of the indictment states that "Jason Johnson, having been convicted of a misdemeanor crime of Domestic Violence did knowingly possess firearms." The provision which makes it illegal for such an individual to possess a firearm is 18 U.S.C. § 922(g)(9). However, the caption refers instead to § 922(g)(2), and the language of Count II includes § 922(g)(1). Despite these errors by the Government in citing to the proper statute, the use of the proper language regarding the charge provides Defendant with sufficient notice of the charges against him. Therefore, in accordance with Federal Rule of Criminal Procedure 7(c)(3), Defendant is entitled to no remedy for these citation errors.

to this conclusion, arguing that the decision to include several counts based on the same act of possession is within its prosecutorial discretion. Docket 33, page 2. The Government acknowledges that before trial or sentencing, the Court may order the counts to be merged in order to avoid punishment for the muliplicitious charges. Id. Finally, the Government states that Count III of the indictment, possession of a stolen firearm under § 922(j), is separate and distinct and should therefore not be merged. Id. at 3.

"An indictment is multiplicitous if it charges the same crime in two counts." United States v. Chipps, 410 F.3d 438, 447 (8th Cir. 2005). If a jury convicts a defendant on multiple counts from a multiplicitous indictment, a defendant may be subject "to two punishments for the same crime in violation of the double-jeopardy clause of the fifth amendment." Id. The Eighth Circuit has stated that separate convictions for violations of more than one classification under 18 U.S.C. § 922(g) are multiplicitous when they arise out of a single act of firearm possession. United States v. Richardson, 439 F.3d 421, 422 (8th Cir. 2006) (reversing its earlier position and joining with nine other circuits in recognizing this rule regarding § 922(g) charges). "As applied to firearm offenses, this [multiplicity] doctrine is fact-intensive, involving issues such as whether the guns were acquired at the same time, stored in the same place, and seized by the government in the same search." United States v. Webber, 255 F.3d 523, 527 (8th Cir. 2001).

In the immediate case, the indictment against Defendant includes two counts of violating 18 U.S.C. § 922 and one count of violating § 922(j), all involving firearms which were seized by police during the same traffic stop on August 15, 2007.  Docket 1, 33.  Regarding Count III of the indictment, Possession of a Stolen Firearm under 18 U.S.C. § 922(j), the Court does not believe that this charge is multiplicitous with either Count I or Count II.  It alleges a violation of a different section of § 922 than the other two charges, and Defendant has provided the Court no case law and the Court has not found any that such a count under § 922(j) is multiplicitous to the counts in § 922(g).  See United States v. Moye, 454 F.3d 390, 397 (4th Cir. 2006) (rejecting multiplicity argument for charges under § 922(g)(1) and § 922(j)); United States v. Buchmeier, 255 F.3d 415, 423 (7th Cir. 2001) (finding that similar charges were not multiplicitous); United States v. Romero, 122 F.3d 1334, 1337 (10th Cir. 1997) (affirming sentence for both § 922(g)(1) and § 922(j) without addressing multiplicity); United States v. Baker, 2006 WL 2092467, *3-4 (D. Kan. July 27, 2006).  Therefore, the Court concludes that there is no risk of double jeopardy even if Defendant is eventually convicted of or sentenced for Count III and one of the other counts in the indictment.

The same cannot be said for Counts I and II, however.  Counts I and II in the indictment allege violations of two different subsections of 18 U.S.C. § 922, despite the fact that the charges involve identical weapons and arise out of the same conduct.  Since these charges could result in "separate convictions for a

single act of possession," Counts I and II are multiplicitous under the rule pronounced in Richardson. 439 F.3d at 422 (finding that separate charges of being a felon in possession of a firearm and being a drug user in possession of a firearm were multiplicitous); see also United States v. Platter, 514 F.3d 782, 786 (8th Cir. 2008) (same).

As the Court has determined that Counts I and II of the indictment are multiplicitous, it must now decide the remedy to which Defendant is entitled. Defendant has filed a motion to dismiss counts in the multiplicitous indictment. Docket 25. However, the Court does not believe that such an extreme remedy is required or warranted. It is "the risk of multiple punishments for a single offense . . . [which is] the principle danger that the multiplicity doctrine addresses." United States v. Webber, 255 F.3d 523, 527 (8th Cir. 2001). Therefore, dismissal of counts in the indictment is not necessary to protect a defendant against the dangers of multiplicitous charges. See United States v. Johnson, 130 F.3d 1420, 1424 (10th Cir. 1997) (stating that multiplicitous charges do not require dismissal of the indictment); 1A Charles Alan Wright, Federal Practice and Procedure § 142 (stating that "multiplicity [is] not fatal to an indictment"). Even in Richardson, where the Court adopted the rule discussed above regarding separate charges under § 922(g) as multiplicitous, the Eighth Circuit remanded to the district court to "merge the counts of conviction into one count, and resentence the defendant based on a single conviction under 18 U.S.C. § 922(g)." 439 F.3d at 423. Consequently, the Court denies Defendant's motion to dismiss counts in multiplicitous indictment, Docket 25.

Defendant has also requested that the Court order the Government to sever these counts for trial.  Docket 26, 27.  Such a severance of charges under Federal Rule of Criminal Procedure 14 is necessary, states Defendant, "because the cumulative evidence resulting from a joint trial would result in a clear and real prejudice against Defendant."  Docket 27, page 1.  The Government opposes the motion, stating that this joinder is proper under Rule 8, and that Defendant has failed to demonstrate sufficient prejudice to require severance under Rule 14.  Docket 34.

Federal Rule of Criminal Procedure 8 provides:  "The indictment . . . may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction[.]"  Rule 14 provides a remedy to situations where a joinder of offenses may be permissible under Rule 8 yet is undesirable.  "If joinder of offenses . . . in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts[.]"  Fed. R. Crim. P. 14.  Applying these two rules, the Eighth Circuit has said:

> When a defendant moves for a severance, a district court must first determine whether joinder is proper under Federal Rule of Criminal Procedure 8.  If joinder is proper, the court still has discretion to order a severance under Federal Rule of Criminal Procedure 14.  These rules are to be "liberally construed in favor of joinder."

United States v. Darden, 70 F.3d 1507, 1526 (8th Cir. 1995) (citing United States v. Rimell, 21 F.3d 281, 289 (8th Cir. 1994)).

The Court concludes that Counts I and II are properly joined under Rule 8, as they are both "of the same or similar character" and that they are "based on the same act or transaction."  Fed. R. Crim. P. 8.  All three of the firearm charges arose from a single traffic stop in August 2007, and therefore are properly joined in the indictment.

Furthermore, the Court does not believe that Plaintiff has demonstrated a danger of prejudice sufficient to require severance, especially in light of the judicial preference for joinder of claims discussed in Darden. This is true despite the multiplicitous nature of Counts I and II, discussed above. See Platter, 514 F.3d at 787-88 (finding that defendant was not prejudiced by the government's presentation of evidence on both theories that he was felon and a drug user); Chipps, 410 F.3d 449 (rejecting Defendant's arguments that multiplicitous counts "tainted the jury's deliberations as to all the charges"); Webber, 255 F.3d at 527 (stating that "in a rare case a risk [of a prejudicial compromise verdict] might justify requiring the government to elect among or consolidate counts at trial, it does not justify dismissing well-pleaded counts in an indictment").

     The Court believes that there are better ways to thread the needle to protect Defendant's double jeopardy rights while also respecting the broad discretion of the government to conduct criminal prosecutions as it sees fit. See Ball v. United States, 470 U.S. 856, 859, 105 S. Ct. 1668, 84 L. Ed. 2d 740 (1985) (stating that the government has "broad discretion to conduct criminal prosecutions," including the power to decide what charges to bring); Platter, 514 F.3d at 786 (stating that "the government is free to prove a defendant's liability for one criminal offense using multiple theories of guilt"); see also United States v. Roy, 408 F.3d 484, 492 n.4 (8th Cir. 2005) (directing the government to, in the future, include in one count the multiple ways that the defendant is alleged to have violated one statute). Should this matter go to trial, and Defendant's double jeopardy rights were endangered by the multiplicitous counts, the Court would take necessary steps to ensure that Defendant was not convicted of or sentenced for two violations of § 922(g). See Platter, 514 F.3d

at 787 (stating that a district court has discretion to require the government to elect between multiple counts of the indictment but rejecting a per se rule requiring the Government to do so in every case); United States v. Pierce, 179 Fed. Appx. 975, 976 (8th Cir. 2006) (remanding for resentencing based on a single conviction); Richardson, 439 F.3d at 423 (remanding and ordering the court to "merge the counts of conviction into one count, and resentence the defendant based on a single conviction under 18 U.S.C. § 922(g)"); Chipps, 410 F.3d at 449 (finding multiplicitous convictions, vacating one of the two convictions, but stating that resentencing was not required because sentences ran concurrently); Roy, 408 F.3d at 491 ("multiplicitous indictments may be saved at the trial stage if the district court submits an appropriate instruction to the jury").  Similarly, should this case result in a sentencing arising from a guilty plea to one or more counts in the indictment, the Court notes that at that time it will take steps to ensure that Defendant is not convicted or sentenced on more than one of the multiplicitous counts.  At the current stage of this case, the Court is satisfied that it need not do anything beyond notifying the Government that Counts I and II are multiplicitous under Richardson and, therefore, Defendant cannot be convicted of or sentenced for both charges.  The Court remains unpersuaded that it must immediately exercise its discretion and require the Government to do anything differently with regard to the multiplicitous charges at this point.

     Therefore, no good cause appearing, it is hereby

     ORDERED that Defendant's motion to dismiss counts in multiplicitous indictment, Docket 24, is DENIED.

     IT IS FURTHER ORDERED that Defendant's motion to sever counts for trial, Docket 26, is DENIED.

Dated: July 17, 2008.

                              BY THE COURT:

                              /s/ *Andrew W. Bogue*
                              ANDREW W. BOGUE
                              SENIOR DISTRICT JUDGE