UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 07-50127-AWB |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER ADOPTING IN** |
| vs. | ) | **PART AND REJECTING** |
| | ) | **IN PART MAGISTRATE** |
| JASON JOHNSON, | ) | **JUDGE'S REPORT AND** |
| | ) | **RECOMMENDATIONS** |
| Defendant. | ) | |

Defendant filed a motion to suppress evidence and statements derived from the traffic stop on August 15, 2007. Docket 28. A hearing on this motion was held on July 7, 2008, and the magistrate judge issued a report and recommendations on July 10, 2008, recommending that the court grant in part and deny in part Defendant's motion to suppress. Docket 38. Defendant has filed several objections to the report and recommendations, which this Court now considers pursuant to 28 U.S.C. § 636(b). See Docket 42. For the reasons stated below, the Court adopts in part and rejects in part the magistrate judge's recommendations.

**DISCUSSION**

**A.  Pre-Arrest Statements**

Defendant sought to exclude statements he made to Deputy George during the August 15, 2007, traffic stop on the grounds that they were made before he was informed of his rights in accordance with Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966). Specifically, Defendant seeks the suppression of statements made before his arrest, including

statements where he wrongly identifies himself to the officer as "Dave Johnson." The magistrate judge's report stated that these pre-arrest statements are admissible because Defendant was not in custody at the time he made the statements. Docket 38, page 11-12. The Court has conducted a de novo review of the issue and is persuaded that the magistrate judge's conclusion is correct, and that no Miranda warnings were required in the context of the initial traffic stop. See Berkemer v. McCarty, 468 U.S. 420, 440, 104 S. Ct. 3138, 82 L. Ed. 2d 317 (1984); United States v. Rodriguez-Arreola, 270 F.3d 611, 617 (8th Cir. 2001). Since this was a routine traffic stop at the time these statements were made, the Court finds that all statements made by Defendant before his arrest are admissible despite the absence of any Miranda warnings.

**B. Post-Arrest Statements**

Defendant also argues that all statements made after his arrest and prior to Miranda warnings should be suppressed. First, Defendant seeks the exclusion of two statements made immediately after his arrest. After Deputy George arrested Defendant and searched his person, finding identification for Jason Johnson, Deputy George asked Defendant if he was really Jason Johnson. Defendant said yes. Docket 38, page 5. Deputy George then asked Defendant why he had lied to him about being Dave Johnson, and Defendant replied that he was "trying to get a break." Id. During the suppression hearing, the Government conceded that Defendant's answer to Deputy George's

second question, that he lied about his identity to get a break, should be suppressed. Therefore, the Court adopts the magistrate judge's recommendation that Defendant's post-arrest statement that he said he was Dave Johnson in order to get a break is not admissible.

Regarding the first exchange between Deputy George and Defendant as to whether Defendant was Jason Johnson, the Court rejects the magistrate judge's recommendation that Defendant's statement should be suppressed. After conducting a de novo review of this issue, the Court concludes that Deputy George's question to Defendant asking him whether he was really Jason Johnson was a routine booking question, and therefore Miranda warnings are not required to permit the admission of Defendant's response. See Pennsylvania v. Muniz, 496 U.S. 582, 601, 110 S. Ct. 2638, 110 L. Ed. 2d 528 (1990) (stating that questions to secure "the biographical data necessary to complete booking or pretrial services" are an exception to Miranda); Rhode Island v. Innis, 446 U.S. 291, 301-02, 100 S. Ct. 1682, 64 L. Ed. 2d 297 (1980) (stating that interrogation under Miranda does not include words or actions that are "normally attendant to arrest and custody"); United States v. Brown, 101 F.3d 1272, 1274 (8th Cir. 1996) (finding that officer's request for defendant's name "falls within the routine booking question exception"). Clearly, Deputy George had a strong interest in identifying Defendant at the time he arrested him that went beyond his conduct of driving under the influence.

The Court believes that the situation would have been different had Defendant given a false name at this point, since that would be an incriminating statement in light of the subsequent false identification charges brought against Defendant in state court.  However, Defendant gave his correct name, and thus this information is not testimonial in the same way that it would be if he had given a false name.  See Muniz, 496 U.S. at 601-602; Brown, 101 F.3d at 1274.  Defendant's affirmative reply to Deputy George's question asking him if he was Jason Johnson is not an incriminating statement such that the absence of Miranda requires its exclusion.  See Innis, 446 U.S. at 301 n.5; United States v. McLaughlin, 777 F.2d 388, 392 (8th Cir. 1985) (stating that a request for basic identification information is not expected "to elicit an incriminating response").  For these reasons, the Court rejects the magistrate judge's recommendation that Defendant's statement that he is Jason Johnson given immediately after his arrest should be excluded. Defendant's statement is admissible despite the failure of Deputy George to read Defendant any Miranda warnings.[1]

Defendant also made a statement regarding his address after his arrest but prior to any Miranda warnings.  The Court agrees with the magistrate judge that Defendant's statement to the officer which confirms his proper address is admissible, since this falls within the routine booking exception to

---

[1] The Court shares the magistrate judge's concern about the failure of the officers to read Defendant his Miranda rights after he was arrested and about similar failures to recite these rights in other cases.  See Docket 38, page 20-22.

Miranda discussed above. Thus, the Court adopts the magistrate judge's recommendation with regard to this statement.

Defendant also seeks to exclude several other statements he made after his arrest, specifically, statements made during his attempted escape and statements made while he was alone in the back of the patrol vehicle. Docket 29, page 4-5. After a de novo review of this issue, the Court adopts the magistrate judge's report and recommendations that these statements are admissible. See United States v. Head, 407 F.3d 925, 928 (8th Cir. 2005) (stating that a statement "that is voluntary and not in response to interrogation is admissible with or without the giving of Miranda warnings"). These statements were given voluntarily and were not the result of police interrogation, and, therefore, the absence of Miranda does not require their suppression.

**3. Search of Vehicle and Seizure of Firearms**

Finally, Defendant challenges the seizure of the vehicle's contents, arguing that the initial stop of the vehicle was invalid, and therefore the subsequent search and seizure violated the Fourth Amendment. Docket 42, page 4-5. Consequently, argues Defendant, the evidence seized in the search of the vehicle should be suppressed. The magistrate judge recommended that the fruits of the search of Defendant's vehicle not be suppressed, as Deputy George had probable cause to stop the vehicle, and as the weapon was observed in plain view during the valid traffic stop and was seized in a search

incident to a proper arrest. Docket 38, page 26-32. After conducting a careful de novo review of these issues presented by Defendant, the Court agrees with the magistrate judge that the initial traffic stop was proper, as was the subsequent search which yielded the incriminating evidence. The Court adopts the magistrate judge's report and recommendations with regard to the seizure of the vehicle's contents, finding that this evidence is admissible.

## CONCLUSION

As stated above, the Court adopts the magistrate judge's report and recommendations with regard to the following: 1) the admission of Defendant's pre-arrest statements; 2) the admission of Defendant's post-arrest statements made during his attempted escape, while he was in the back of the police car, and in response to a question about his proper address; 3) the admission of evidence seized in a search of Defendant's vehicle; and 4) the suppression of Defendant's statement that he lied to Deputy George about his identity to get a break. The Court rejects the magistrate judge's recommendation with regard to Defendant's post-arrest statement that he was Jason Johnson, given in response to a question from Deputy George, and the Court finds that this statement is properly admissible.

Therefore, good cause appearing, it is hereby

ORDERED that the magistrate judge's report and recommendations are ADOPTED IN PART and REJECTED IN PART, in accordance with the order above.

IT IS FURTHER ORDERED that Defendant's objections to the magistrate judge's report and recommendations are hereby OVERRULED.

Dated: August 11, 2008.

BY THE COURT:

/s/ *Andrew W. Bogue*
ANDREW W. BOGUE
SENIOR DISTRICT JUDGE