UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 07-50127-AWB |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER GRANTING** |
| vs. | ) | **IN PART AND DENYING** |
| | ) | **IN PART DEFENDANT'S** |
| JASON JOHNSON, | ) | **FIRST MOTION IN LIMINE** |
| | ) | |
| Defendant. | ) | |

Defendant has filed a motion in limine. Docket 48. The Government has responded. Docket 56. The matter is now fully briefed and ripe for disposition. For the reasons stated below, the Court grants in part and denies in part Defendant's motion in limine.

In his motion, Defendant lists nine pieces of evidence which he asks the Court to exclude. Docket 48. In his memorandum in support of his motion, Defendant cites one case for the argument that these nine pieces of evidence must be excluded under Federal Rules of Evidence 401, 402, and 403, arguing that they are "irrelevant, of no probative value with regard to subject indictment, and even if they have any probative value at all, their value would be substantially outweighed by the danger of its individual and cumulative unfair prejudice, confusion of the issues, and misleading the jury." Id. at 3. Defendant goes on to say that "[t]he introduction of said evidence would be so extremely unfair that its admission would violate fundamental conceptions of

justice and would prejudicially burden Defendant's fundamental right to a fair trial." Id. at 3-4.  The Court notes that Defendant cites no caselaw to support this final argument.[1]

In response, the Government points out that "[t]he capacity of the Court to determine relevance is, at best, limited until the context of trial." Docket 56, page 1.  While government counsel states that he does not plan to introduce much of the evidence the Defendant references in his motion, he asks the Court to rule on their admission within the context of trial.  Id.  The Court takes up each piece of evidence in turn.

**1.  Testimony by a government agent**

Defendant requests that the Court exclude "[t]estimony by any government agent concerning opinions about firearms, firearms and interstate commerce, Mr. Johnson and interstate commerce, stolen firearms, firearm possession by Mr. Johnson, and fingerprint comparisons involving Mr. Johnson[.]"  Docket 48, page 1.  In response, the Government refers the Court to its memorandum opposing Defendant's motion for a Daubert hearing.

---

[1] The Court reminds the parties that its standing order, Docket 11, provides the following:  "No motions shall be entertained unless they are accompanied by a reasoned memorandum setting forth the precise issues to be considered by the court, together with an explanation of the relevant law to the particular facts of the case.  The filing of 'boilerplate' motions or memoranda will not satisfy this requirement.  Responses to motions shall set forth specific points of law, together with supporting authorities relied upon."  Docket 11, page 2.  Despite the parties' failures to conform their pleadings on this motion to the language in the Court's order, the Court will still consider the parties' arguments at this time.

The Government's burden in this case requires it to prove beyond a reasonable doubt that the Defendant possessed a firearm, that the firearm was transported in interstate commerce or affected commerce, and that a weapon was stolen which moved within interstate commerce. See 18 U.S.C. §§ 922(g)(1), 922(j); see also Docket 1. Thus, testimony from a government witness about "firearms, firearms and interstate commerce, Mr. Johnson and interstate commerce, stolen firearms, [and] firearm possession by Mr. Johnson" is clearly relevant and very probative to Defendant's guilt or innocence. Further, such evidence is admissible from lay witnesses when not based upon any specialized knowledge, and it may also be solicited from experts who are properly qualified.[2] Fed. R. Evid. 701, 702. For these reasons, Defendant's motion to exclude such evidence under Federal Rules of Evidence 401 and 403 is denied.

**2. Defendant's criminal history, mug shot, and alleged parole status**

Defendant also asks the Court to prohibit the Court from referring at trial to Defendant's criminal history, mug shot, and alleged parole status, on the grounds of relevance under Federal Rules of Evidence 401 and 403. Docket 48, page 1, 3. In response, the Government states that it does not object to Defendant's motion with regard to his mug shot or parole status. Docket 56, page 2. The Government does object to exclusion of Defendant's

---

[2] The Court takes up Defendant's Daubert motion elsewhere.

3

criminal history, since the Government's burden requires it to prove beyond a reasonable doubt that Defendant has a felony conviction and a misdemeanor conviction for domestic violence.  Id.; see also Docket 1.

As Defendant's previous felony and misdemeanor convictions are essential to Defendant's guilt or innocence, the Court denies Defendant's motion to exclude this portion of his criminal history and finds that such evidence is admissible under Federal Rule of Evidence 401 and 403.

**3.    Photos or mug shots of Defendant**

Defendant seeks to exclude any photos or mug shots of himself.  Docket 48, page 1.  The Government does not object.  Docket 56, page 2.  Therefore, Defendant's motion is granted, and the Court excludes any photos or mug shots of Defendant from evidence at trial.

**4.    Defendant's custodial status**

Defendant seeks to exclude his "custodial status," which the Court takes to mean his pre-trial confinement in this matter.  See Docket 10 (order detaining Defendant since January 31, 2008).  The Government does not object.  Docket 56, page 2.  Therefore, the Court grants Defendant's motion to exclude the fact of his pretrial detention.

**5.    Expert testimony**

Defendant seeks to exclude "[a]ny expert testimony as Notice of Intent to present any such testimony has not been submitted by the government."  Docket 48, page 1.  As noted above, the only legal argument presented by

4

Defendant relates to Federal Rule of Evidence 401 and 403 and the relevance of the disputed testimony. Defendant does not cite to any court order, rule, statute, or case for the proposition that failure to provide a notice of intent to provide expert testimony precludes a party from presenting such evidence.

In response, the Government refers to the Defendant's request for a Daubert hearing. Docket 56 (referencing Docket 55). As the Court believes that this matter is more fully explored by the parties in the briefings related to Defendant's Daubert motion, the Court will address it in that context.

**6.     Statements made by Jared Bettleyoun**

Defendant seeks to exclude "[a]ny statements made by Jared Bettleyoun." Docket 49, page 1. The Government objects, stating that "any statement(s) made by Jared Bettelyoun would not be offered for the truth or [sic] the matter asserted and are *res gestae*." Docket 56, page 2.

Neither party has provided the Court with any information regarding the content of Bettleyoun's potential statements or any relationship between his statements and the Defendant's case. Thus, the Court is unable to determine at this time the relevance of the statements or their probative or prejudicial nature. For this reason, the Court declines to decide at this time whether any statements made by Bettelyoun are admissible, and it defers such a ruling until trial.

**7.    Statements made by Defendant during his arrest**

Defendant asks the Court to exclude any statements by Defendant "prior to, during, and after his arrest," including statements made to Jared Bettelyoun.  Docket 48, page 1.  Again, Defendant's motion is based on Federal Rules of Evidence 401 and 403.  The Government objects, stating that the Court has already ruled that these statements are admissible.  Docket 56, page 2.

The Court has already thoroughly examined Defendant's arrest in the context of his motion to suppress, and it ruled that Defendant's statements made prior to, during, and after his arrest are admissible.  Docket 44.  To date the Court has only ruled that one statement is inadmissible at trial.  See Docket 44, page 6; Docket 38, pages 13, 30 (excluding conversation between Deputy George and Defendant, where George asked Defendant why he lied to him about his identity and where Defendant replied that he was "trying to get a break").  The Court has already ruled that all other statements by Defendant during his arrest are admissible, and Defendant has given the Court no additional reasons in support of his request to exclude except citing to Federal Rules of Evidence 401 and 403.

The Court concludes that any statements made by Defendant during his arrest appear at this time to be relevant to Defendant's guilt or innocence, and that their probative value outweighs any prejudice to Defendant.  Further, the Court has specifically considered the admissibility of evidence related to

6

Defendant's attempted flight from police, and it finds that such evidence is similarly admissible. The Eighth Circuit has stated that "evidence of flight has probative value as an 'admission by conduct' of guilt or consciousness of guilt." United States v. Johnson, 535 F.3d 892, 895 (8th Cir. 2008) (citing United States v. Hankins, 931 F.2d 1256, 1261 (8th Cir. 1991)). The Eighth Circuit goes on to state:

> Because such evidence might be 'only marginally probative as to the ultimate issue,' however, district courts must assess the possible probative value in each case, scrutinizing the facts and inquiring as to
> the degree of confidence with which four inferences can be drawn: (1) from the defendant's behavior to flight; (2) from flight to consciousness of guilt; (3) from consciousness of guilt to consciousness of guilt concerning the crime charged; and (4) from consciousness of guilt concerning the crime charged to actual guilt of the crime charged.

Id. (quoting Hankins). Relying on Defendant's motion to suppress and the factual evidence presented in that matter, the Court concludes that all of the necessary inferences are supported by the facts here. The facts here clearly support that Defendant was attempting to flee on foot from police. Further, the Court believes that his attempt to flee was due, at least in part, to the presence of firearms in his vehicle and his guilt of the offenses charged here. Before his arrest and flight, Defendant gave a false name and identification card to police, and the Court believes that this was primarily an attempt to evade capture on the federal charges, since his correct identity would do little to avoid or inhibit any charges of drunk driving or running a red light, which were based on the

7

police officer's personal observations prior to and during the traffic stop. Defendant has presented no argument or evidence that his attempt to flee was related solely to his arrest for DUI or is attributable to reasons consistent with innocence, and the Court does not believe that the facts would support such an inference, since Defendant was clearly aware of his own criminal history which prohibits gun possession and since he admitted to the officer that he knew the rifle was present in the vehicle. See Docket 38, page 4. For these reasons, the Court concludes that the facts in this case support the necessary inferences outlined above in Johnson, and it finds that evidence regarding Defendant's attempts to flee as well as his statements during that flight are properly admissible under Federal Rule of Evidence 403, in that their probative value regarding Defendant's guilt outweighs the danger of unfair prejudice. Therefore, Defendant's motion is denied.

**8.    Reference to Defendant's charges from August 15, 2007**

Defendant seeks the exclusion of "[a]ny reference to the August 15, 2007, charges of false impersonation, attempted escape, furnishing alcohol to a minor, parole violation, no proof of insurance, driving with a suspended license, registration not in possession, and Defendant's Triple III." Docket 48, page 2. The Government objects only to Defendant's request to exclude the charge of false impersonation, "as this is a crime of dishonesty which is admissible under the Federal Rules in the event that the defendant takes the stand as a witness in his own defense." Docket 56, page 2. The Court

concludes, based on the Government's limited objection to Defendant's request, that it does not seek to include in its case in chief evidence of any state charges which arose out of the traffic stop on August 15, 2007.

The Court agrees that evidence of Defendant's conviction of the false impersonation charge is admissible under Federal Rule of Evidence 609, which permits a party to impeach "any witness" based on a conviction for a crime which required "an act of dishonesty or false statement by the witness." Fed. R. Evid. 609(a)(2). The Court is unaware of the status of Defendant's false impersonation charge, and notes for the parties that Rule 609 permits only evidence of a *conviction*. Therefore, at this time, Defendant's motion is denied.

### 9.    Statements by Kendra Roling

Finally, Defendant seeks to exclude statements by Kendra Roling, Defendant's fiance, as they are "protected by the spousal privilege." Docket 48, pag 2. Again, Defendant does not cite any legal support for this privilege argument, referring only to Federal Rules of Evidence 401 and 403, which do not address any privileges. Defendant also does not argue that any statements by this non-party are inadmissible hearsay. The Government objects to Defendant's motion, stating that "Defendant has failed to cite to any legal authority which would expand 'spousal privilege' to a non-spouse." Docket 56, page 2.

The Court cannot at this time determine whether any statements by or to Roling are admissible as relevant and probative under Federal Rules of

9

Evidence 401 and 403, since neither party has shared with the Court the content of any alleged statements.  With regard to Defendant's reference to spousal privilege, he gives this Court no reason to grant his objection on those grounds.  Defendant clearly does not qualify for the martial confidential communications privilege, which "prohibits testimony concerning statements privately communicated between spouses *during their marriage*." See United States v. Jackson, 939 F.2d 625, 627 (8th Cir. 1991) (emphasis added).  Further, it is clear to the Court that the adverse spousal testimony privilege does not apply, since it is available only when the witness and the party are *married at the time of trial.*  United States v. Espino, 317 F.3d 788, 796 (8th Cir. 2003).  Finally, Defendant has cited no authority for the proposition that either spousal privilege should be extended to include individuals engaged to be married to a party to a lawsuit.  The Court's cursory review of federal caselaw found not a single case which had even addressed, much less adopted, Defendant's one-sentence argument for the extension of spousal privilege to include fiances.  For these reasons, Defendant's motion is denied.

As stated above, Defendant's motion is granted with regard to Defendant's parole status, photos and mug shots of Defendant, Defendant's custodial status, and Defendant's charges arising out of the events of August 15, 2007, except the false impersonation charge.  The Court denies Defendant's motion with respect to testimony regarding the essential elements of Defendant's charges, his criminal history as it relates to the charges here,

statements made by Defendant during his arrest and during his attempted flight, and statements made by Kendra Roling.  The Court reserves for trial Defendant's motion to exclude statements made by Jared Bettleyoun.

For the reasons stated above, it is hereby

ORDERED that Defendant's motion in limine is GRANTED IN PART and DENIED IN PART in accordance with this order.

Dated December 23, 2008.

BY THE COURT:

/s/ *Andrew W. Bogue*
ANDREW W. BOGUE
SENIOR DISTRICT JUDGE